# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0025V
Filed: January 31, 2018
UNPUBLISHED

| | |
|---|---|
| SEAN TAYLOR, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); Motion for Finding of Fact; Findings of Fact; Onset; Influenza (Flu) Vaccine; Shoulder Injury |

*Anne Carrion Toale, Maglio Christopher & Toale, PA, Sarasota, FL,* for petitioner.
*Lara Ann Englund, U.S. Department of Justice, Washington, DC,* for respondent.

## FACT RULING[1]

**Dorsey**, Chief Special Master:

On January 6, 2017, Sean Taylor ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury caused by a November 4, 2015 influenza ("flu") vaccination. *See* Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters. For the reasons discussed below, the undersigned finds petitioner received his November 4, 2015 flu vaccination in his left deltoid and that the onset of petitioner's left shoulder injury was within 48 hours of his November 4, 2015 flu vaccination.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**I.      Procedural History**

On January 16, 2017, petitioner filed his medical records and affidavit marked as Exhibits 1-6.  (ECF No. 7.)  He also filed a Statement of Completion.  (ECF No. 8.)  Subsequently, during the initial status conference held on February 7, 2017, petitioner agreed to file updated medical records and a supplemental affidavit addressing the onset and sequela of his injury.  (ECF No. 9.)  Additional records, a second affidavit from petitioner, and an amended Statement of Completion were filed on March 6, 2017. (ECF Nos. 10-11.)

On June 13, 2017, respondent filed his Rule 4(c) Report.  (ECF No. 16.)  Respondent recommended against awarding compensation to petitioner in this case. (*Id.*)  Respondent argued, *inter alia*, that the evidence was insufficient to show a logical sequence of cause and effect because there was no evidence in the contemporaneous records that petitioner received his flu vaccination in his left arm.  (*Id.* at 4.)  Respondent argued petitioner has not demonstrated a proximate temporal relationship between his vaccination and injury because petitioner did not seek medical attention for his shoulder injury until more than four months after his vaccination and did not report that his pain began within 48 hours of receiving his vaccination.  (*Id.*)

Thereafter, at the undersigned's request, petitioner filed a third affidavit addressing the onset of his injury and the anatomical location of his vaccination. (ECF No. 20.)   A status conference was convened on October 26, 2017 and the parties proposed petitioner file a Motion for a Finding of Fact. (ECF No. 22.)  It was agreed the undersigned would make an oral ruling on petitioner's Motion for a Finding of Fact subsequent to the filing of respondent's response.  (*Id.*)  Petitioner further made an oral motion seeking authority to issue subpoenas to petitioner's local Walgreens and the Walgreens corporate office for the purpose of obtaining any and all vaccination records.  (*Id.*)  Petitioner's motion was granted.  (ECF Nos. 23-24).

On November 8, 2017, petitioner filed his Vaccine Administration Record from Walgreens as Exhibit 10.  (ECF No. 25-2).   Thereafter, petitioner filed a Motion for a Finding of Fact on November 27, 2017 arguing, in sum, that he experienced the onset of symptoms consistent with a Shoulder Injury Related to Vaccine Administration ("SIRVA") immediately after his vaccination on November 4, 2015.  (ECF No. 26). Respondent filed a Response on December 14, 2017 arguing that the evidence does not support a finding that petitioner's symptoms began within 48 hours of his November 4, 2015 flu vaccine. (ECF No. 27 at 1).  Respondent agreed however, that based on petitioner's Exhibit 10 petitioner's November 4, 2015 flu vaccine was administered in his left arm. (*Id.* citing Exhibit 10 at 3).  Subsequently, the undersigned scheduled a telephonic status conference for January 23, 2018 in order to provide her oral ruling on petitioner's Motion for Finding of Fact.  (NON-PDF Status Conference Order filed January 4, 2018.)

## II.     Findings of Fact

A telephonic status conference was convened by the undersigned on January 23, 2018 and digitally recorded. (Minute Entry filed January 23, 2018.) Anne Toale appeared on behalf of petitioner, and Lara Englund appeared on behalf of respondent. Jocelyn McIntosh appeared as the OSM staff attorney managing this case.

The undersigned informed the parties that pursuant to the parties' joint request at the October 26, 2017 status conference and petitioner's Motion for Finding of Fact, she intended to make an oral ruling in regard to the site of petitioner's vaccination and the onset of petitioner's shoulder injury pursuant to Vaccine Rule 8. The undersigned further indicated that her findings of fact would be made without prejudice. The parties consented. Accordingly, the undersigned made the following findings after a complete review of the record to include: all medical records filed by petitioner, petitioner's affidavits, respondent's Rule 4(c) Report, petitioner's Motion for a Finding of Fact and respondent's Response.

### A.     Site of Vaccine Administration

Although it appears this issue is no longer disputed, the undersigned finds petitioner received an intramuscular flu vaccination in his left deltoid on November 4, 2015. (Pet. Ex. 1 at 2; Pet. Ex. 10 at 3.)

### B.     Onset of Injury

The undersigned further finds that petitioner suffered the onset of a shoulder injury within 48 hours of the administration of his November 4, 2015 influenza vaccination based on the following evidence.

Most compelling is petitioner's physical therapy evaluation performed by Julie Keen, PT on April 22, 2016. Ms. Keen recorded in the history section of her evaluation "[d]ate of onset: 11/4/2015." (Pet. Ex. 5 at 6.) The evaluation by Ms. Keen notes "[p]atient is a 34 year old male who had onset of left shoulder pain after receiving a flu shot on 11/4/2015." (Pet. Ex. 5 at 5.)

Consistent evidence is available from petitioner's March 9, 2016 appointment with orthopedic surgeon, David Kovacevic, MD, who noted "[t]he patient developed traumatic onset shoulder pain about 4 months ago . . . ." (Pet. Ex. 4 at 2.) "He received a flu shot at Walgreens and he thinks the injection led to an injury to his left shoulder." (*Id.*)

Additionally, petitioner averred in his affidavits that "onset of pain started immediately. It hurt more than a typical shot, but I assumed that it would be sore for a few days and go away. The pain did not go away and actually became noticeably worse." (Exhibit 9 at ¶4; *see* Exhibit 7 at ¶¶ 5-6.)

3

Based on the above evidence, the undersigned finds that petitioner experienced the onset of his left shoulder injury within 48 hours of the administration of his November 4, 2015 flu vaccination. Finally, the undersigned further finds that petitioner's explanation in his second and third affidavits reasonably explains his delay in seeking treatment for his shoulder injury. (Exhibit 9 at ¶6; *see* Exhibit 7 at ¶¶ 7-10.)

### III. Scheduling Order

**In light of the above findings, the parties are directed to engage in discussions to resolve this claim.**

**The following is hereby ORDERD:**

- **Petitioner shall file a status report <u>by no later than February 23, 2018</u> indicating whether he has provided a demand to respondent.**
- **Respondent shall file a status report <u>by no later than 30 days subsequent</u> to receiving petitioner's demand indicating whether he has provided a response to petitioner's demand.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

4